UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ALAN DELANE PIERCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:19CV233 HEA |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court for judicial review of the final decision of the Commissioner of Social Security denying the application of Plaintiff for denial of supplemental security income benefits under Title XVI, 42 U.S.C. §§ 1381, *et seq*. The Court has reviewed the filings and the administrative record as a whole which includes the hearing transcript and medical evidence. The decision of the Commissioner will be affirmed.

## Background

Plaintiff protectively filed for Supplemental Security Income on March 24, 2017, alleging disability beginning February 27, 2017. He received an initial denial and subsequently filed a timely Request for Hearing. He attended a hearing before an Administrative Law Judge ("ALJ") on April 18, 2019.  The ALJ rendered an unfavorable decision dated May 22, 2019. In the decision, the ALJ found Plaintiff

had the severe impairments of degenerative disc disease of the lumbar spine and lumbar radiculopathy. While the ALJ found neither of Plaintiff's impairments met or equaled a listed impairment, he did find some limitations. Specifically, the ALJ found Plaintiff retained the residual functional capacity ("RFC") to perform:

> Light work as defined in 20 CFR 416.967(b) except the claimant should never climb ladders, ropes, or scaffolds and should no more than occasionally climb ramps and stairs. He can occasionally balance, stoop, kneel, crouch, and crawl.

Based on vocational expert testimony, the ALJ found Plaintiff could perform work such as hand packer, cleaner, and production worker.

Plaintiff filed a timely Request for Review of Hearing Decision. The Appeals Council, on November 19, 2019, denied the request. Plaintiff has exhausted all administrative remedies. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## Hearing Testimony

On April 18, 2019, Plaintiff appeared and testified at a hearing before the ALJ. Plaintiff testified that eighth grade was the highest grade he completed; he did not get a GED. The last time Plaintiff worked was in 2017 operating a forklift. He was fired from that job because he was taking pain medication while at work.

Plaintiff testified that he has problems with his lower back. Plaintiff testified that his back pain radiates down his legs.  If he performs any work, the pain will be intensified the next day. He testified that he can only stand for about an hour to an

hour and a half at a time. He will then have to sit down. To cope with the pain, Plaintiff takes narcotic pain medication and will lie down.

Plaintiff is able to perform his own hygiene and shares housework with his brother, with whom he resides. He is able to share cooking responsibilities.

A vocational expert also testified at the hearing and provided vocational interrogatory responses after the hearing.

## **Legal Standard**

To be eligible for DBI under the Social Security Act, Plaintiff must prove that he is disabled. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Secretary of Health & Human Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). The Social Security Act defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual will be declared disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner engages in a five-step evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). At Step One, the ALJ determines whether the claimant is currently engaged in substantial gainful activity. At Step Two, the ALJ considers whether the claimant has a "severe" impairment or combination of impairments. At Step Three, the ALJ determines whether the severe impairment(s) meets or medically equals the severity of a listed impairment; if so, the claimant is determined to be disabled, and if not, the ALJ's analysis proceeds to Step Four. At Step Four of the process, the ALJ must assess the claimant's residual functional capacity (RFC) – that is, the most the claimant is able to do despite her physical and mental limitations, *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011) – and determine whether the claimant is able to perform any past relevant work. *Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (RFC assessment occurs at fourth step of process).

The claimant bears the burden through Step Four of the analysis. If he meets this burden and shows that he is unable to perform his past relevant work, the burden shifts to the Commissioner at Step Five to produce evidence demonstrating that the claimant has the RFC to perform other jobs in the national economy that exist in significant numbers and are consistent with his impairments and vocational

factors such as age, education, and work experience. *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012).

The Court must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010). Substantial evidence is less than a preponderance but enough that a reasonable person would find it adequate to support the conclusion. *Jones*, 619 Additionally, the Court must consider evidence that supports the Commissioner's decision as well as any evidence that fairly detracts from the decision. *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016). If, after reviewing the entire record, it is possible to draw two inconsistent positions and the Commissioner has adopted one of those positions, the Court must affirm the Commissioner's decision; the Court may not reverse the Commissioner's decision merely because substantial evidence could also support a contrary outcome. *Id; see also Fentress v. Berryhill*, 854 F.3d 1016, 1021 (8th Cir. 2017).

**RFC**

A claimant's residual functional capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations.  *See* 20 C.F.R. § 404.1545.  An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the

5

claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p.

## Decision of the ALJ

At Step One of the decision from May 22, 2019, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 24, 2017, the alleged onset date. At Step Two, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine and lumbar radiculopathy. The ALJ found Plaintiff did not have an impairment or combination of impairments listed in or medically equal to one contained in the Listings, 20 C.F.R. part 404, subpart P, appendix 1, (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

The ALJ determined that Plaintiff retained the residual functional capacity to perform light work subject to the following limitations: Plaintiff should never climb ladders, ropes, or scaffolds and should no more than occasionally climb ramps and stairs.  He can occasionally balance, stoop, kneel, crouch, and crawl.

At Step Four, the ALJ found Plaintiff unable to perform his past relevant work as a forklift operator. At Step Five, the ALJ found that there are jobs that exist in significant number in the national economy that Plaintiff could perform,

6

such as hand packer, cleaner, and production worker. Therefore, the ALJ found Plaintiff not disabled.

## Statement of the Issues

Generally, the issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. The issue here is (1) whether the ALJ's RFC finding is supported by substantial evidence on the record as a whole.

## Discussion

Plaintiff argues the ALJ improperly discredited the opinion of Dr. McPherson, Plaintiff's treating physician.  In considering Plaintiff's medical treatment notes, the ALJ noted that for the first six months of treatment, Plaintiff ambulated normally for the first six months of primary care treatment. In Dr. McPherson's clinic, Plaintiff's providers describe his ambulation as limited, and also note his gait was normal.  He had normal strength and intact sensation. Plaintiff's treatment remained conservative, despite a neurosurgical recommendation for a lumbar brace, facet blocks, and changes to Plaintiff's medication regimen, which consisted primarily of narcotic pain medication.

The ALJ noted inconsistent findings regarding Plaintiff's straight leg raise testing.  Plaintiff's straight leg testing was positive while in the supine position, but

7

negative in the sitting position. The ALJ, however, did not simply rely on these tests. He considered the February 2017 MRI and CT scans when making his assessment of Plaintiff's ability to perform light work based on his severe impairments.

Additionally, the ALJ cited other inconsistencies in Plaintiff's treatment notes. The Plaintiff was noted to have limited ambulation and a normal gait. As the Commissioner rightly argues, Plaintiff cites no authority obligating the ALJ to contact Dr. McPherson for clarification of these inconsistencies. The agency regulations provide that the agency will determine whether the claimant is disabled based on the evidence it has. 20 C.F.R. § 416.920b(b)(1).

The ALJ also noted the conservative treatment. The ALJ noted the neurosurgical consultation did not recommend surgery, rather, the consulting neurosurgeon recommended a lumbar brace, facet blocks and medication changes. "[C]onservative treatment, management with medication, and lack of required surgical intervention all support the ALJ's RFC determination. See *Wildman v. Astrue*, 596 F.3d 959, 965 (8th Cir. 2010) ('If an impairment can be controlled by treatment or medication, it cannot be considered disabling.' (quoting *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004)))." *Buford v. Colvin*, 824 F.3d 793, 797 (8th Cir. 2016). Throughout the entire record, Plaintiff's treatment remained conservative, continuously being treated with pain medication alone.

Dr. McPherson's determination that Plaintiff was 100% disabled is not a proper conclusion for a treating physician, in that the determination is an issue left to the Commissioner. 20 C.F.R. 416.927(d). The ALJ properly discredited this conclusion.

The ALJ considered Dr. McPherson's treatment notes as well as the opinion of the state agency medial consultant, Dr. McGraw. In assessing all of the evidence before him, the ALJ observed Dr. McGraw's review was consistent with the medical evidence. This fact, however, did not result in a *carte blanche* acceptance of Dr. McGraw's opinion. The ALJ did not rely entirely on the conclusions reached by Dr. McGraw. Based on the medical evidence in the record, the ALJ concluded, contrary to Dr. McGraw, that Plaintiff was not capable of medium work, but rather he is limited to light work. The ALJ assessed Plaintiff's impairments and limited Plaintiff to light rather than medium work.

While Plaintiff may have an alternative belief that the evidence supports a finding of disability, the evidence before the ALJ supports the conclusion that Plaintiff is capable, with limitations, of performing light work. There is substantial evidence in the record as a whole to support the ALJ's conclusion that Plaintiff is not disabled.

## Conclusion

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. *Perkins v. Astrue,* 648 F.3d 892, 900 (8th Cir. 2011).  The ALJ's opinion is supported by substantial evidence in the record, and therefore is affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED.**

A separate judgment shall be entered incorporating this Memorandum and Order.

Dated this 2nd day of February, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE